NOT FOR PUBLICATION

FILED

MAY 02 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| CHRISTOPHER BROWN, | ) | No. 18-15663 |
| | ) | |
| Petitioner-Appellant, | ) | D.C. No. 3:09-cv-00557-MMD-VPC |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| TIMOTHY FILSON; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | ) ) ) | |
| | ) | |
| Respondents-Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted April 17, 2019**
San Francisco, California

Before: FERNANDEZ, BEA, and N.R. SMITH, Circuit Judges.

Christopher Damal Brown, a Nevada state prisoner, appeals the district

court's denial of his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254.

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

We affirm.

(1)     Brown asserts that the district court erred when it accorded the usual level of deference to the denial of his ineffective assistance of counsel claims by the Nevada Supreme Court.  *See* 28 U.S.C. § 2254(d); *Harrigton v. Richter*, 562 U.S. 86, 102–05, 131 S. Ct. 770, 786–88, 178 L. Ed. 2d 624 (2011).  In particular, Brown argues that the Nevada Supreme Court applied the wrong test in deciding the claims[1] and, therefore, should not be accorded the usual level of deference.[2]  We disagree.

The Nevada Supreme Court was well aware of the correct standards.  *See Ennis v. State*, 137 P.3d 1095, 1102 (Nev. 2006) (en banc); *Riley v. State*, 878 P.2d 272, 277–78 (Nev. 1994) (per curiam); *see also Lambert v. Blodgett*, 393 F.3d 943, 964–65 (9th Cir. 2004).  It did not change those standards or, for that matter, increase the burden upon Brown regarding a showing of deficient performance or prejudice, under *Strickland*.  *Cf. Hardy*, 849 F.3d at 818–19.  To the extent that the Nevada Supreme Court chose to adopt the trial court's determination at the state post-conviction proceedings that counsel's representation was not deficient, that

---

[1] *See Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S. Ct. 2052, 2064–69, 80 L. Ed. 2d 674 (1984).

[2] *See Hardy v. Chappell*, 849 F.3d 803, 818–19 (9th Cir. 2016).

did not place an additional burden upon Brown or make the decision of the state courts improper. *See Cullen v. Pinholster*, 563 U.S. 170, 187–88, 131 S. Ct. 1388, 1401– 02, 179 L. Ed. 2d 557 (2011); *Cannedy v. Adams*, 706 F.3d 1148, 1156 (9th Cir. 2013). Moreover, to the extent that the decision can be said to be ambiguous, that does not deflect us from the "more logical inference" that the correct standard was used. *Mann v. Ryan*, 828 F.3d 1143, 1157 (9th Cir. 2016) (en banc).

(2)　Because we are not satisfied that on the other issues raised by Brown "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," we decline to issue Certificates of Appealability for those claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S. Ct. 1029, 1040, 154 L. Ed. 2d 931 (2003); *see also* 28 U.S.C. § 2253(c); 9th Cir. R. 22-1(e).

AFFIRMED.